IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, TRUSTEE for<br>AMERICAN HOME ALLIANCE, INC., | :<br>:<br>: | No.  3:CV 05-01612 |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| ROBIN KUNZ, et al., | : | |
| | : | |
| Defendant | : | |

**ORDER**

**October 14, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Leave to Appeal ("the Motion") (doc. 1) by the Plaintiff, William G. Schwab, Trustee for American Home Alliance ("Plaintiff" or "Debtor")which seeks appeal an Order of Chief Judge John Thomas of the United States Bankruptcy Court for the Middle District of Pennsylvania denying disqualification of Defendant Robin Kunz's attorney. (Rec. Doc. 7).  Also pending before the Court is Plaintiff's Motion for Leave to File Notice of Appeal Nunc Pro Tunc (doc. 4) which seeks leave of the Court to untimely file a notice of appeal of the aforementioned Order.

For the following reasons, the Motions are remanded to the United States

Bankruptcy Court.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

The procedural history of this case is checkered, and took considerable time for us to unravel. Plaintiff is the Chapter 7 Trustee of American Home Alliance, Inc. On November 10, 2004, Plaintiff filed a Motion to Disqualify Defendant's counsel, namely the law firm of Anders & Massington, L.L.C. After hearing argument, Chief Judge Thomas denied the motion. Plaintiff then filed yet another Motion to Disqualify on March 31, 2005. After a full evidentiary hearing before Chief Judge Thomas, the second motion was dismissed by his Order dated May 11, 2005.

On May 20, 2005, Plaintiff filed a Motion to Reconsider the Order of May 11, 2005. On July 14, 2005, Chief Judge Thomas ordered that the Motion for Reconsideration was deemed withdrawn because Plaintiff did not file a brief in support of its motion. On July 25, 2005, a Motion to Reconsider Order of July 14, 2005 was filed. This Motion to Reconsider was denied on July 26, 2005. On August 10, 2005, the instant Motion was filed in this Court, without a notice of appeal. Apparently realizing his omission, Plaintiff filed a Motion for Leave to File Notice of Appeal Nunc Pro Tunc on August 22, 2005. The Motions have been fully briefed by both parties and are therefore ripe for disposition.

**STANDARD OF REVIEW**

Pursuant to Bankruptcy Rule 8001(b), an appeal from an interlocutory order of a bankruptcy judge shall be taken by filing a notice of appeal with the clerk, accompanied by a motion for leave to appeal. US Bankruptcy R 8001(b). To be timely, the notice of appeal must be filed with the clerk within ten (10) days of the date of the entry of the order appealed from. US Bankruptcy R 8002(a).

**DISCUSSION**

As Plaintiff states in its Nunc Pro Tunc Motion, the Clerk of the United States Bankruptcy Court appears to have prematurely transferred the instant Motions to this Court. Pursuant to our reading of the Bankruptcy Rules, the initial decision whether or not to grant leave to appeal should have been rendered by Chief Judge Thomas, and not this Court. Clearly, the rapid and premature transfer to us prohibited that from happening. Should Chief Judge Thomas decide to certify an appeal on this interlocutory matter, then we would be empowered to decide whether to allow the nunc pro tunc filing, and if so to resolve the issues raised on appeal. We will thus place this matter back in the capable hands of Chief Judge Thomas, as we believe that we are powerless to act on the merits until leave to appeal has been granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motions are REMANDED to the United States Bankruptcy Court for disposition of the Motion for Leave to Appeal (Rec. Doc. 1).

2. The Clerk of Court shall close this file.

                    <u>s/ John E. Jones III</u>
                    John E. Jones III
                    United States District Judge